FRANKLIN O. CARTER, Plaintiff in Error, *vs.* A. M. SHELTON, Director of the Department of Registration and Education, *et al.* Defendants in Error.

*Opinion filed June 22, 1927—Rehearing denied October 7, 1927.*

APPEALS AND ERRORS—*when writ of error to review revocation of license to practice medicine must be dismissed.* Paragraph (*c*) of section 17 of the Medical Practice act provides for review by the Supreme Court of judgments or orders of the circuit court in matters of revocation of licenses to practice medicine only by order of the court upon application therefor showing probable error, and where a writ of error is issued improvidently upon the mere filing of a *præcipe* for the writ the court is without jurisdiction and the writ of error must be dismissed.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

G. G. GINNAVEN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, WILLIAM C. CLAUSEN, and VIRGIL L. BLANDING, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Department of Registration and Education revoked the license of Dr. Franklin O. Carter as a physician and surgeon on June 21, 1926. He sued out a writ of *certiorari* from the superior court of Cook county to review the order, and that court entered an order suspending the operation of the revocation during the pendency of the writ. On December 4 the cause was heard, and the court set aside its order of suspension and dismissed the writ of *certiorari.* On December 22 Dr. Carter filed a *præcipe* for a writ of error with the clerk of this court, and a writ of error and *scire facias* were issued, returnable to the February term. No order of the court was made for the issue of the writ or was asked for.

The Medical Practice act provides in section 17 for the procedure in cases of revocation or suspending of licenses. Paragraph (*b*) provides that the suspension or revocation of a license may be reviewed by the circuit court or the superior court of Cook county by writ of *certiorari,* and paragraph (*c*) that judgments and orders of such court "shall be reviewed only by the Supreme Court and only upon writ of error, which the Supreme Court, in its discretion, may order to issue only upon showing of probable error if applied for not later than the second day of the first term of the Supreme Court following the rendition of the judgment or order sought to be reviewed, but if the first day of said term is less than thirty days from the rendition of said judgment or order then application for said writ of error may be made not later than the second day of the second term following rendition thereof, but not otherwise."

Since no application was made to the court for the issue of the writ it was improvidently issued and the court is without jurisdiction in the cause. The writ of error is therefore dismissed.                    *Writ dismissed.*